UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL,<br><br>  Plaintiff,<br><br>  v.<br><br>JO-ANNA NIEVES, et al.,<br><br>  Defendants. | Case No. 25-cv-03693-JD<br><br>**ORDER REMANDING ACTION TO STATE COURT**<br><br>Re: Dkt. Nos. 5, 10 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and various state laws. He filed the case in Alameda County Superior Court, but defendant removed the action to this Court, paid the filing fee, and filed two motion to dismiss.

Plaintiff seeks money damages against a private law firm he retained to file a resentencing petition in Alameda County Superior Court. Dkt. No. 1-2 at 5-9. He contends that the law firm did not perform as expected in connection with the resentencing petition. *Id*. Plaintiff previously filed a case in this Court with the same allegations against the same defendants. *See Burrell v. Nieves, et. al.*, Case No. 23-cv-5246 JD. After dismissing the original complaint in the earlier case with leave to amend, the amended complaint was dismissed on April 29, 2024, for failure to state a federal claim. *Id*., Dkt. No. 19.

Plaintiff's federal claims have the same deficiencies as in his prior case and are dismissed for the same reasons.[1] Because amendments would not cure the deficiencies in plaintiff's federal claims, this case will be remanded to state court so that plaintiff may litigate in his chosen forum

---

[1] Plaintiff's new claim seeking damages under the Sixth Amendment is not tenable. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam ) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under Section 1983 is precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994)).

1  with the state law claims.  *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within
2  the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear
3  the rest of the action or remand it to the state court from which it was removed.").
4  The motions to dismiss (Dkt. Nos. 5, 10) are terminated, and the hearing scheduled for
5  June 5, 2025, is vacated.  This action is remanded to Alameda County Superior Court.
6  **IT IS SO ORDERED.**
7  Dated: June 3, 2025

JAMES DONATO
United States District Judge